**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| VALERIE OSATINSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:16 – cv – 06579 |
| | § | |
| LINCOLN LIFE & ANNUITY | § | |
| COMPANY OF NEW YORK, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCMENET OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Valerie Ostatinski, and makes the following representations to the Court, for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefits plan, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this Court for judicial review.

3. Venue is proper within the South District of New York pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the plan was administered. Plaintiff's employer, Planned

Parenthood of New York City, Inc., is the plan administrator of the benefit plan at issue, and is headquartered in New York, NY.

## PARTIES

4. Plaintiff, Valerie Osatinski (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Kings County, New York.

5. Defendant Lincoln Life & Annuity Company of New York (hereinafter "Lincoln"), is an insurance company authorized to transact the business of insurance in the state of New York, and may be served with process by mailing a copy of the summons and this pleading to the Superintendent of Financial Services at: New York State Department of Financial Services, Corporate Affairs Unit, One Commerce Plaza, Albany, NY 12257.

6. Defendant Lincoln is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No.GL 000010148156, issued by Lincoln to Plaintiff's employer, Planned Parenthood of New York City, Inc..

## FACTS

7. Plaintiff was employed as medical biller by Planned Parenthood of New York City, Inc., in its New York City, New York, location.

8. By virtue of her employment, Plaintiff was covered by Group Long Term Disability Policy No. GL 000010148156.

9. The provision of long term disability insurance coverage to employees of Planned Parenthood of New York City, Inc., constitutes an ERISA welfare plan ("Plan").

10. Plaintiff is a participant or beneficiary of the Plan.

11.     While covered under the terms of the Plan, Plaintiff ceased work on or about April 10, 2013, due to severe pain associated with cervical and lumbar radiculopathy as well as fibromyalgia.

12.     Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13.     Plaintiff filed an application for long term disability benefits under the Plan.

14.     Lincoln approved that application, and paid benefits through September 17, 2015.

15.     By letter dated September 30, 2015, Lincoln denied Plaintiff's claim for benefits beyond September 17, 2015, stating that she was capable of sedentary exertion and therefore not disabled under the policy's "any occupation" disability standard.

16.     Plaintiff appealed the termination of his benefits by letter dated November 16, 2012, submitting additional medical evidence, and the supporting opinion of her treating neurologist, Dr. Dmitriy Grinshpun, imposing restrictions inconsistent with any sustained gainful activity.

17.     Lincoln denied that appeal by letter dated May 31, 2016.  Lincoln again asserted that Plaintiff was capable of sedentary exertion and therefore not disabled under the policy's "any occupation" disability standard.

18.     The May 31, 2016, denial letter allows for a further appeal to Lincoln.

19.     Group Long Term Disability Policy No. GL 000010148156 provides for a claims process with one appeal, and does not require a second appeal.

20.     Plaintiff has exhausted her required administrative appeals under the Plan.

21.     Though permitted by the policy, Lincoln never obtained an examination of Plaintiff.

22.     Lincoln acted arbitrarily by relying solely on non-examining physicians.

23.     Though finding Plaintiff capable of sedentary exertion, Lincoln agreed that Plaintiff would need to be able to alternate positions as needed for comfort, and would have restrictions on bilateral manual dexterity.

24.     Lincoln never obtained any vocational analysis identifying sedentary jobs that would accommodate a need to alternate positions as needed and restrictions on bilateral manual dexterity.

25.     Lincoln acted arbitrarily in denying benefits without any vocational evidence of occupations Plaintiff is capable of performing despite the restrictions and limitations acknowledged by Lincoln.

26.     Lincoln previously paid benefits for two years based upon Plaintiff's inability to perform her own, sedentary, occupation.

27.     Lincoln acted arbitrarily to find that Plaintiff can now perform sedentary exertion in the absence of any medical improvement.

28.     Lincoln would pay any benefits due under the Plan out of its own funds.

29.     Lincoln was therefore under a perpetual conflict of interest in deciding the claim because any benefits would have been paid out of its own funds.

30.     Lincoln allowed this concern over its own funds to influence its decision-making.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)

PLAINTIFF incorporates the allegations contained in paragraphs 1 through 30 as if fully stated herein and says further that:

31.     Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

32.     Plaintiff is disabled and entitled to benefits under the terms of the Plan.

33. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

34. The decisions to deny benefits were wrong under the terms of the Plan.

35. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

36. The decisions to deny benefits were not supported by substantial evidence in the record.

37. As an ERISA fiduciary, Defendant owed Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

38. Defendant violated the fiduciary duties owed to the Plaintiff.

39. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled under the Plan.

40. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2.  Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits;

3.  Prejudgment and postjudgment interest;

4.  An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan in the future, so long as Plaintiff remains disabled under the terms of the Plan;

5.  Plaintiff's reasonable attorney fees and costs; and

6.  Such other relief as this court deems just and proper.

Dated this 19th day of August, 2016.

                              Respectfully submitted,

BY:   *s/R. Scott Wilson*
        R. Scott Wilson (TN BPR #019661)
        *Admission Pro Hac Vice Pending*
        Eric Buchanan & Associates, PLLC
        414 McCallie Avenue
        Chattanooga, TN 37402
        (423) 634-2506
        FAX:  (423) 634-2505